**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GAUDI ELIZABETH VELASQUEZ-PEREZ; YESLI ADRIANA SUCHI-VELASQUEZ; ALEX ARMANDO SUCHI-VELASQUEZ,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-70625

Agency Nos. A206-643-145
A206-643-146
A206-643-147

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 9, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BRESS, Circuit Judges.

Gaudi Velasquez-Perez (Velasquez) petitions for review of a decision by the

Board of Immigration Appeals (BIA) dismissing her appeal of an immigration judge

(IJ) decision denying her claims for asylum, withholding of removal, and protection

under the Convention Against Torture (CAT). Yesli Suchi-Velasquez and Alex

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Suchi-Velasquez, Velasquez's children and derivative beneficiaries of her asylum application, likewise petition for review of the BIA order. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, grant the petition in part, and remand.

We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quotations omitted). Under this standard, we uphold the agency's determination "unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). "We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012) (citation omitted).

1. Asylum may be granted to an alien who proves she is a "refugee," 8 U.S.C. § 1158(b)(1)(A), defined as an alien who is "unable or unwilling" to return to her own country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42)(A). Among other things, an asylum applicant must demonstrate that a protected ground "was or will be at least one central reason for persecuting" her. *Id.* § 1158(b)(1)(B)(i); *see also Parussimova v. Mukasey*, 555

F.3d 734, 740–41 (9th Cir. 2009).

The BIA declined to address whether Velasquez's proposed social groups were cognizable and instead dismissed Velasquez's appeal of her asylum claim on the ground that she had failed to establish a sufficient nexus between the alleged harm and her membership in the proffered groups. Our review is therefore limited to the issue of nexus. *See Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1110 (9th Cir. 2011) ("[W]e cannot deny a petition for review on a ground that the BIA itself did not base its decision.").

Substantial evidence supports the BIA's determination that Velasquez did not demonstrate a sufficient nexus for purposes of her asylum claim. The record does not compel the conclusion that Velasquez's membership in her claimed social groups was "at least one central reason" that gang members had extorted Velasquez in the past or would do so again if she returned to Guatemala. 8 U.S.C. § 1158(b)(1)(B)(i); *Parussimova*, 555 F.3d at 741. The petition is therefore denied as to Velasquez's asylum claim.

2. We grant the petition as to Velasquez's withholding of removal claim. In denying withholding of removal, the IJ applied the "one central reason" nexus standard under then-binding BIA precedent. *See Matter of C-T-L-*, 25 I. & N. Dec. 341, 346–48 (BIA 2010). While Velasquez's appeal was pending before the BIA, we held in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), that withholding

3

claims require that a protected ground be only "a reason" for persecution, rather than "one central reason," and that "[t]he phrase 'a reason' includes weaker motives than 'one central reason.'" *Id.* at 359.

In dismissing Velasquez's appeal on the withholding claim, the BIA reasoned that the IJ would have reached the same result under *Barajas-Romero*. But as noted, the IJ applied an outdated legal standard. And the IJ's decision is ambiguous as to how the IJ would have analyzed this case under *Barajas-Romero*. We therefore grant the petition as to the withholding claim and remand to the BIA with instructions to remand to the IJ for consideration under the standard set forth in *Barajas-Romero*.

3.     Finally, substantial evidence supports the denial of CAT relief. An applicant for CAT relief must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Additionally, an applicant must show the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

While the IJ recognized that a State Department report highlights the problems with gang violence and extortion in Guatemala, the record does not compel a finding for Velasquez on the issue of whether the Guatemalan government would acquiesce in Velasquez's torture. The IJ and BIA could rely on evidence in the record that

4

Guatemala is making efforts toward addressing extortion, as well as Velasquez's testimony that local law enforcement had taken some steps to investigate alleged extortion in her community. We also reject Velasquez's argument that the IJ did not give sufficient consideration to country conditions evidence that Velasquez proffered. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

The parties shall bear their own costs on appeal.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**